UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NATHAN BEROOKHIM,

**COMPLAINT**

                            Plaintiff,

Index No.

        -against-

<u>Jury Trial Demanded</u>

CITY OF NEW YORK,
JOSEPH KAZLAS, Individually, and
CHARLES STARLING, Individually,

                         Defendants.

------------------------------------------------------------------------X

Plaintiff NATHAN BEROOKHIM, by his attorney, Jason Leventhal, Esq., complaining of the Defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §1983 for violations of his civil rights, as said rights are secured by said statute and the Constitution of the United States.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## PARTIES

6.      Plaintiff NATHAN BEROOKHIM is a twenty-five-year-old man and a citizen of the United States.

7.      Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation.

9.      At all times relevant herein, the individually named Defendants, JOSEPH KAZLAS and CHARLES STARLING, were duly sworn NYPD officers and were acting under the supervision of the NYPD and according to their official duties.

10.      At all times relevant herein, the Defendant officers acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or

2

officers of the CITY and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

## **FACTS**

11.     On September 14, 2014, at approximately 1:00 a.m., Plaintiff NATHAN BEROOKHIM was a lawful pedestrian standing outside 233 West 10th Street, New York, New York.

12.     At said time, Defendant JOSEPH KAZLAS unjustifiably pointed a tazer at Plaintiff, grabbed Plaintiff, twisted Plaintiff's arms behind his back, handcuffed Plaintiff with over tight handcuffs, escorted Plaintiff into the NYPD's 6th precinct station house, and caused Plaintiff to be imprisoned in a holding cell, despite lacking probable cause to believe Plaintiff had committed a crime or offense.

13.     Thereafter, Defendant KAZLAS conspired with Defendant CHARLES STARLING to fabricate and forward evidence to the New York County District Attorney to be used against Plaintiff in a criminal proceeding.

14.     Defendants KAZLAS and STARLING conspired to falsely allege that Plaintiff began yelling and screaming inside the NYPD's 6th precinct station house, and that Plaintiff continued to yell and scream and refused to leave the station house after defendant KAZLAS told Plaintiff to leave the station house.

15.     The Defendants' allegations are false, manufactured, and were created by the Defendants to safeguard Defendant KAZLAS'S employment with the NYPD and to otherwise avoid discipline and/or punishment by the NYPD or other investigative bodies for KAZLAS'S abuse of authority for pointing a tazer at Plaintiff and for falsely arresting

Plaintiff.

16.     Defendant STARLING forwarded the false allegations to the New York County District Attorney and swore to the false allegations in the Criminal Court Complaint filed against Plaintiff in docket no. 2014 NY 070868.

17.     As a result of the Defendants' false arrest, conspiracy, and false allegations, NYPD officers imprisoned Plaintiff until his arraignment in New York County Criminal Court for docket number 2014 NY 070868.  The criminal court complaint filed under said docket number contained the manufactured and false allegations of the Defendants and resulted in false charges filed against Plaintiff for violations of New York Penal Law § 140.10(a) – Criminal Trespass in the Third Degree and New York Penal Law § 140.05 – Trespass.

18.     On September 14, 2014, Plaintiff was arraigned on said false charges which were filed based on the false allegations of the Defendants.  The Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against Plaintiff to obtain a collateral objective outside the legitimate ends of legal process, to wit: to safeguard Defendant KAZLAS'S employment and to avoid discipline for his abuse of authority.

19.     At Plaintiff's arraignment, the criminal charges were adjourned in contemplation of dismissal and all charges were subsequently dismissed and sealed.

20.     Defendants JOSEPH KAZLAS and CHARLES STARLING knew that Plaintiff was arrested in the absence of probable cause and issued legal process based on fabricated evidence to obtain a collateral objective outside the legitimate ends of legal

process.

21.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of NYPD officers falsifying and manufacturing evidence, and forwarding the false evidence to prosecutors to justify an officer's abuse of authority and to safeguard their employment.

22.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Southern and Eastern Districts of New York as well as in New York State courts.  As a result, Defendant CITY is aware (from said lawsuits as well as notices of claims filed with the CITY, and complaints filed with the NYPD's Internal Affairs Bureau and the CITY'S Civilian Complaint Review Board) that many NYPD officers falsify and manufacture evidence, and forward the false evidence to prosecutors to justify their abuse of authority and to safeguard their employment.

23.     Despite said knowledge, Defendant CITY failed to adequately train, monitor, supervise, and discipline its police officers.

24.     Defendant CITY is further aware that such improper training and supervision has often resulted in a deprivation of civil rights.  Despite such notice, the CITY failed to take corrective action.  This failure caused the Defendants to violate Plaintiff's civil rights.

25.     Moreover, upon information and belief, Defendant CITY was or should have

been aware, prior to the incident, that the individual Defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, the CITY has retained these officers, and failed to adequately train and supervise them.

26.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

27.     All of the aforementioned acts deprived Plaintiff NATHAN BEROOKHIM of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual Defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs, and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to Defendant JOSEPH KAZLAS)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in foregoing paragraphs with the same force and effect as if fully set forth herein.

33.     The level of force employed by Defendant JOSEPH KAZLAS was

excessive, objectively unreasonable, and otherwise in violation of Plaintiff NATHAN

BEROOKHIM'S constitutional rights.

34.     As a result of the aforementioned conduct, Plaintiff NATHAN

BEROOKHIM was subjected to excessive force and sustained physical and emotional

injuries.

35.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual Defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to Defendants JOSEPH KAZLAS and CHARLES STARLING)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in foregoing paragraphs with the same force and effect as if fully set forth herein.

37.     Defendants JOSEPH KAZLAS and CHARLES STARLING caused Plaintiff NATHAN BEROOKHIM to be arrested without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendants JOSEPH KAZLAS and CHARLES STARLING caused Plaintiff NATHAN BEROOKHIM to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to Defendants JOSEPH KAZLAS and CHARLES STARLING)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

41.     Defendants JOSEPH KAZLAS and CHARLES STARLING created false evidence against Plaintiff NATHAN BEROOKHIM.

42.     Defendants JOSEPH KAZLAS and CHARLES STARLING caused this false evidence to be forwarded to the New York County District Attorney and utilized against Plaintiff NATHAN BEROOKHIM in legal proceedings.

43.     As a result of Defendants JOSEPH KAZLAS and CHARLES STARLING'S creation and utilization of false evidence, Plaintiff NATHAN BEROOKHIM suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

8

44.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to Defendants JOSEPH KAZLAS and CHARLES STARLING)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

46.     Defendants JOSEPH KAZLAS and CHARLES STARLING caused criminal process to be issued against Plaintiff NATHAN BEROOKHIM by causing his arrest and prosecution in New York County Criminal Court.

47.     Defendants JOSEPH KAZLAS and CHARLES STARLING caused Plaintiff NATHAN BEROOKHIM to be arrested and prosecuted in to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to safeguard Defendant KAZLAS's employment and to avoid discipline for his abuse of authority, and thereby violated Plaintiff's right to be free from malicious abuse of process.

48.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983
### as to Defendant CITY OF NEW YORK)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD, including the inadequate screening, hiring, retaining, training, and supervising of its employees, were the moving forces behind the violation of Plaintiff NATHAN BEROOKHIM'S rights as described herein.  As a result of the failure of Defendant CITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, the CITY has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52.     The aforementioned customs, policies, usages, practices, procedures, and rules of the NYPD also included, but were not limited to NYPD officers engaging in a practice of falsification/manufacturing evidence to justify their abuse of authority and to safeguard their employment.

53.      The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff NATHAN BEROOKHIM.

54.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff NATHAN BEROOKHIM as alleged herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the moving force behind the Constitutional violations suffered by Plaintiff NATHAN BEROOKHIM as alleged herein.

56.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD, Plaintiff NATHAN BEROOKHIM was subjected to excessive force, false arrest, malicious abuse of process, and deprivation of his right to a fair trial.

57.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff NATHAN BEROOKHIM'S constitutional rights.

58.     All of the foregoing acts by Defendants deprived Plaintiff NATHAN BEROOKHIM of federally protected rights, including, but not limited to, the right:

        A.     To not be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from excessive force;

        D.     To receive a fair trial; and

        E.     To be free from malicious abuse of process.

59.     As a result of the foregoing, Plaintiff NATHAN BEROOKHIM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to

punitive damages against the individual Defendants in an amount to be fixed by a jury,

plus reasonable attorneys' fees, costs, and disbursements of this action.


**WHEREFORE**, Plaintiff NATHAN BEROOKHIM demands judgment and prays

for the following relief, jointly and severally, against the Defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be

         determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.


Dated: September 14, 2017            By:    s/ _____

                                                         Jason Leventhal
                                                         Leventhal Law Group, P.C.
                                                         *Attorneys for Plaintiff*
                                                         45 Main Street, Suite 528
                                                         Brooklyn, New York 11201
                                                         (718) 556-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

NATHAN BEROOKHIM,

                           Plaintiff,

                                                               Index No.

          -against-

CITY OF NEW YORK,
JOSEPH KAZLAS, Individually, and
CHARLES STARLING, Individually,

                           Defendants,

-----------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600